United States District Court
Southern District of Texas
**ENTERED**
June 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN C.-L.,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-338 |
| | § | |
| TODD LYONS, *et al.*, | § | |
| *in their official capacities*, | § | |
| Respondents. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 7) ("MSJ"). For the following reasons, the Court should deny the Petition.

The Court is unable to hear Petitioner's bond regulations argument on the merits. Under 8 U.S.C. § 1226, the Attorney General is vested with the discretion to release an alien on bond, 8 U.S.C. § 1226(a), and to "revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien. 8 U.S.C. § 1226(b). Because that same section strips courts of review of the "Attorney General's discretionary judgment regarding the application of this section," this court's jurisdiction effectively depends on whether a failure to adhere to typical bond procedures is within this unreviewable zone of "discretionary judgment regarding the application of this section." 8 U.S.C. § 1226(e); *see also* 8 U.S.C. § 1252(a)(5) (specifying bars on judicial review also bar habeas review). The Fifth Circuit has provided a strong signal to read this expansively: the discretionary judgment made unreviewable by § 1226(e), in that court's account, includes the "manner in which that discretionary judgment is exercised, and whether the procedural

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

apparatus supplied satisfies regulatory, statutory, and constitutional constraints." *Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000). Because the Court understands Respondents' bond revocation procedures—and any alleged abdication thereof—to fall within this very wide zone of unreviewable discretion, it must also conclude that it does not have the jurisdiction to review this case.

Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claims are not viable. Detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1 at 14-18.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) and **DENY** the MSJ (Dkt. No. 7) as moot, and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*,

875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 16, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge